IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN EUGENE TAPP : <br> Petitioner, | |
| v. : | CIVIL ACTION <br> NO. 13-7551 |
| TABB BICKELL; THE DISTRICT ATTORNEY OF THE COUNTY OF LANCASTER; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA : <br> Respondents. : | |

**<u>ORDER</u>**

AND NOW, this 9th day of June, 2014, upon review of the Report and Recommendation ("R&R") issued by United States Magistrate Judge Jacob P. Hart in the above-captioned matter (Doc. No. 7) and upon consideration of Petitioner's Objections thereto (Doc. No. 8), it is hereby ORDERED as follows:

1. Petitioner's Objections are OVERRULED.[1]

2. The R&R is APPROVED and ADOPTED;[2]

---

[1] *See Peters v. Folino,* 450 F. App'x 127, 130 (3d Cir. Pa. 2011) (*"A writ of habeas corpus cannot be issued on behalf of a person in custody pursuant to the judgment of a state court until the petitioner has 'exhausted the remedies available in the courts of the State.'"*) (citing 28 U.S.C. § 2254(b)(1)(A)). Petitioner currently has a Post Conviction Relief Act ("PCRA") Petition pending in the Lancaster Court of Common Pleas that involves the same issues presented herein. Although disposition of same was delayed, a briefing schedule has apparently now been issued by the state court so that the matter may move forward. Accordingly, Magistrate Judge Hart's recommendation that the instant habeas petition be dismissed *without prejudice* is neither premature nor erroneous.

[2] With one minor exception regarding Petitioner's place of confinement: although the R&R references SCI-Somerset, Petitioner is confined at SCI-Huntingdon.

3. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE to its refiling upon the exhaustion of available state court remedies;[3] and

4. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

/s/ C. Darnell Jones, II     J.

---

[3] Upon conclusion of the PCRA proceedings (including appeal to the Superior Court), Petitioner will have one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" within which to file for habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).